# In the United States Court of Federal Claims

No. 25-2116
Filed: January 12, 2026

|  |  |
|---|---|
| NATHAN GRISSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

On December 11, 2025, Mr. Grissom, proceeding *pro se*, filed a complaint with this Court alleging that defendant "engaged in negligent, reckless, and intentional misconduct in managing the Plaintiff's trust accounts and financial holdings, resulting in significant financial hardship and emotional distress." *See* Compl. ¶ 7, ECF No. 1. Mr. Grissom further alleges that this alleged mismanagement "has led to family separation due to economic instability," creating fiduciary duty liability against the United States Government. *Id*. ¶ 8. Mr. Grissom asserts that jurisdiction is proper in this Court under the Federal Tort Claims Act, 28 U.S.C. § 2676.

On December 17, 2025, the Court issued an order to show cause in which it expressed doubt that it could exercise jurisdiction over the claims asserted in Mr. Grissom's complaint because Mr. Grissom asserts claims under the Federal Tort Claims Act and "Congress has explicity provided that United States District Courts—to the exclusion of the Court of Federal Claims— have 'exclusive jurisdiction' to determine the liability of the United States under the Federal Tort Claims Act." *See* Dec. 17, 2025 Order at 1 (quoting 28 U.S.C. §§ 1346(b)(1), 2674)). The Court set a deadline of January 7, 2026 for Mr. Grissom to respond to the order and "identify which source or sources of law he is invoking and explain why this Court has jurisdiction over this case." *Id*.

To date, Mr. Grissom has not responded to the Court's order. The Court therefore **DISMISSES** Mr. Grissom's complaint **WITHOUT PREJUDICE** under Rule 41(b) of the Rules of the United States Court of Federal Claims for failure to prosecute. The Court further **DENIES AS MOOT** Mr. Grissom's Motion for Leave to Proceed in Forma Pauperis, ECF No. 2. The Clerk is directed to enter judgment accordingly and mail a copy of this order to the plaintiff's address.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge